UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CIV-60428-RAR

SEBASTIAN JOSEPH
AND VALSAMMA JOSEPH,

    Plaintiffs,

v.

NATIONAL SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Plaintiffs' Motion to Dismiss without Prejudice [ECF No. 28] ("Motion"), filed on August 1, 2022. Defendant filed a response on August 15, 2022 [ECF No. 39] ("Response"). The Court having reviewed the Motion and Response, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion is **GRANTED**.

Federal Rule of Civil Procedure 41(a)(2) provides that, once a defendant has served a responsive pleading, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "The purpose of the rule is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions. . . . [I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856–57 (11th Cir. 1986). Such a dismissal is ordinarily without prejudice, but district courts have "broad equitable discretion under Rule 41(a)(2)" to

"weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001).

Defendant opposes the Motion because Plaintiffs have provided no explanation as to why they seek to dismiss the case. Resp. at 2. Defendant suggests that Plaintiffs' sole motivation is to avoid imminent disposal of the case upon adjudication of Defendant's pending Motion for Summary Judgment [ECF No. 23]. *Id.* Thus, Defendant requests that the Court deny the Motion and argues in the alternative that if the Court grants dismissal without prejudice, Plaintiffs should be required upon refiling to pay Defendant's attorney's fees, in addition to costs, incurred in defending this action. *Id.*

The Court finds that Defendant will suffer no clear legal prejudice upon dismissal, other than the prospect of a subsequent lawsuit. But in weighing the equities of this case, the Court further finds that Defendant is entitled to recover all its expenses, including fees and costs, in the event Plaintiffs refile this action. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1) This case is **DISMISSED** *without prejudice*.

2) In the event that Plaintiffs refile this action, or file any new action based on the same operative facts, Defendant shall be entitled to reimbursement by Plaintiffs of all costs and attorney's fees thus far incurred in defending this case.

3) The Clerk is directed to **CLOSE** the case.

4) All other pending motions, including Defendant's pending Motion for Summary Judgment [ECF No. 23], are **DENIED** as moot.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 23rd day of August, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**